**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSHUA PABLO GONZALES,

Plaintiff,

vs. No. CV 18-00065 JCH/SCY

GEO MAIL ROOM OF GUADALUPE COUNTY CORRECTIONAL FACILITY, MS. P. CHAVEZ, WARDEN HORTON, GLOBAL EXPERTISE OUTSOURCING,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court under 28 U.S.C. 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff Joshua Pablo Gonzales (Doc. 1) ("Complaint"). The Court will dismiss the Complaint for failure to state a 42 U.S.C. § 1983 claim for relief and will grant Plaintiff Gonzales leave to file an amended complaint.

**Factual and Procedural Background**

Plaintiff Joshua Pablo Gonzales is a prisoner in the custody of the New Mexico Department of Corrections. Gonzales has multiple state criminal convictions for aggravated assault, involuntary manslaughter, receiving stolen property, and as a habitual offender. *See* State of New Mexico, Fifth Judicial District cause nos. D-504-CR-2005-00353, D-504-2006-00348, D-504-CR-2009-00348, D-504-CR-2014-00559.

Plaintiff Gonzales brings civil rights claims in this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). He names, as Defendants, the GEO Mail Room of Guadalupe County Correctional Facility, Ms. P. Chavez, Warden Horton, and Global Expertise Outsourcing (GEO). (Doc. 1 at 1-2, 8). In his Complaint, he alleges that he had requested transcripts for his habeas from the Fifth

Judicial District Court. The transcripts were mailed on 10-10-17 and on 10-18-17 he received a rejection slip from Ms. Chavez. (Doc. 1 at 2, 9). The rejection slip indicated the mail had been rejected because "other: Disk is not the correct format." (Doc. 1 at 9). He states he had been "waiting on court transcripts to look over my case for my habeas . . . [he] cannot prepare my case to show my lawyer my argument on my case." (Doc. 1 at 9). He alleges that the rejection slip shows that his legal mail was opened without him being present. (Doc. 1 at 2).

Gonzales claims he has been denied access to the court and this denial violates his First Amendment petition clause, 5th Amendment due process clause, 14th Amendment equal protection clause, and Article IV privileges and immunities clause constitutional rights. (Doc. 1 at 2). He also contends that the New Mexico Department of Corrections' policies on privileged, legal, or special mail were violated, he filed grievances, and never received a response to the grievances. (Doc. 1 at 3). Gonzales seeks "nominal damages and punitive damages." (Doc. 1 at 5).

Gonzales attaches several documents to his Complaint, including a mail rejection form indicating that mail has been rejected because "Disk—not correct format." (Doc. 1 at 10). Also attached is a court docket sheet showing filing of a habeas corpus petition on October 6, 2017, an audio copy of hearing on October 10, 2017, and a Clerk's certificate of mailing on October 12, 2017. (Doc. 1 at 14). The docket sheet does not identify the court or case number for the docket. Last, there are several grievance forms attached asserting the same claim as Plaintiff's Complaint. (Doc. 1 at 15-18). Gonzales claims his never received a response to his grievances. (Doc. 1 at 2). However, the attached grievance forms include responses from GEO stating that the disk needs to be formatted so it plays in the law library and it is "your responsibility to ensure that the cd sent is in proper format." (Doc. 1 at 17-18).

**Standards for Failure to State a Claims**

Plaintiff Gonzales is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead,

may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

**Analysis of Plaintiff's Claims**

Plaintiff Gonzales claims that several of his constitutional rights and prison policies and grievance procedures were violated when prison officials opened a mailing from state court containing a compact disc recording of hearings in his criminal case outside of his presence and rejected the compact disc because it was not properly formatted to play on the equipment in the prison library. (Doc. 1 at 2, 9). Plaintiff's Complaint fails to state a civil rights claim for relief on

several grounds. Therefore, the Court will dismiss the Complaint with leave for Plaintiff to file an amended complaint.

Plaintiff Gonzales asserts prisoner civil rights claims under 42 U.S.C. § 1983. (Doc. 1 at 1-2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint names two individual officials as Defendants—Ms. P. Chavez, a mailroom employee, and Warden Horton, the Warden at the Guadalupe County Correctional Facility. (Doc. 1 at 1, 2). The Complaint states that Gonzales received a rejection slip signed by Ms. Chavez and alleges that prison policy and constitutional rights were violated. (Doc. 1 at 2). However, the

Complaint does not set out how, by the signing the rejection slip, Ms. Chavez individually violated Plaintiff's constitutional rights. The Complaint contends that the mail from state court was opened outside his presence, but does not allege that it was Ms. Chavez that opened the mail. Nor does the Complaint specify how Ms. Chavez's act of signing the slip constituted a violation of any policy or constitutional rights. In its present form, the Complaint fails to state a § 1983 claim against Defendant Ms. P. Chavez.

The Complaint also does not state a civil rights claim against Defendant Warden Horton. The Complaint broadly alleges that Ms. Chavez, Warden Horton, and other unknown individuals denied him access to the courts in violation of the 1st, 5th, and 14th Amendments and Article IV of the Constitution. (Doc. 1 at 2). The Complaint, however, contains no factual allegations of any individual conduct by Warden Horton. The Complaint does not plead that Warden Horton, through his own individual actions, violated the Constitution and, therefore, fails to state a claim for relief against Warden Horton. *Ashcroft v. Iqbal*, 556 U.S. at 676.

The Complaint also names the GEO Mail Room of Guadalupe County Correctional Facility as a Defendant. (Doc. 1 at 1). As a general rule, "a detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001)(unpublished). The Court has applied this rule in the context of § 1983, holding that "a detention center is not a suable entity in a § 1983 action." *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." *Kristich v. Metropolitan Detention Center*, 2016 WL 5387675 at *2 (D.N.M. 2016). *See Wishneski v. Lea County Detention Center*, 2012 WL 1688890, at *2 (D.N.M. 2012) (holding that " 'a detention facility is not a person or legally created entity capable of being sued' "). The Guadalupe County Correctional Facility, including its

mailroom, is not an entity that is capable of being sued. Therefore, the Complaint does not state a claim for relief against the GEO Mail Room of Guadalupe County Correctional Facility.

Last, the Complaint does not state any claim for relief against Defendant Global Expertise Outsourcing (GEO). (Doc. 1 at 8). Where a corporate entity is performing the actions typically performed by a state or municipality, like operating a prison, that corporate entity can be sued under § 1983. *Richardson v. McKnight*, 521 U.S. 399, 413 (1997) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982. Corporate entities to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Constitution. *Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003).

However, to succeed in a § 1983 action against a corporate entity, the plaintiff must prove that a corporate employee or agent committed a constitutional violation and that the violation was a direct result of some policy or custom of the corporation. *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Although Gonzales alleges a corporate employee, Ms. P. Chavez, committed a constitutional violation, he does not specify how, nor does he claim that any violation was a direct result of some policy or custom of the corporation. To the contrary, he claims that prison officials' conduct was contrary to or in violation of prison policy. (Doc. 1 at 2, 9). Therefore, the Complaint fails to state a § 1983 claim for relief against GEO.

In addition to failing to state a § 1983 claim for relief against any Defendant, the allegations of the Complaint are insufficient to state a constitutional violation. First, Plaintiff Gonzales asserts that the opening and rejection of the compact disc from the Court constituted a violation of prison

policy and procedures. (Doc. 1 at 3). Gonzales also claims prison officials failed to respond to his grievances. (Doc. 1 at 2). Prison procedures do not create a protected liberty interest and, as a consequence, do not implicate a prisoner's due process rights. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Nor does defendants' handling of Plaintiff's grievances, by itself, give rise to a constitutional violation. A prison officer's failure to adequately respond to a prisoner's grievance does not implicate a constitutional right. *See Buckley v. Barlow*, 997 F.2d at 495 (official's failure to process inmates' grievances, without more, is not actionable under section 1983); *Greer v. DeRobertis*, 568 F.Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); *see also Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982) (a prison procedure does not require the procedural protections envisioned by the Fourteenth Amendment). Therefore, to the extent Plaintiff Gonzales complains that the prison did not follow policies and procedures and his grievances were improperly handled in violation of his constitutional rights, he has failed to state a claim upon which relief may be granted.

Further, assuming that the compact disc was privileged or legal mail, an isolated incident, without any evidence of improper motive or resulting interference with Gonzales's legal right to counsel or to access to the courts is insufficient to state a claim for relief. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990); *Brown v. Williams*, 36 F. App'x 361, 363 (10th Cir. 2002). Plaintiff Gonzales does claim that the opening of his mail outside his presence and rejection of the compact disc denied him access to the Courts, in violation of 1st, 5th, and 14th Amendment and Article IV rights. (Doc. 1 at 2). However, the factual allegations of the Complaint are insufficient to show a constitutional denial of access to the courts.

The right of access to the courts is a fundamental constitutional right. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). A state's affirmative obligation to assure its inmates access to the courts through legal assistance requires it to provide persons trained in the law to aid inmates in the preparation of state or federal petitions for writs of habeas corpus or initial pleadings in civil rights actions challenging conditions of current confinement. *Hawkinson v. Montoya*, 479 F. Supp. 2d 1164, 1173 (D. Colo. 2007). Other than habeas corpus or civil rights actions regarding current confinement, a state has no affirmative constitutional obligation to assist inmates in general civil matters but may not erect barriers that impede the right of access of incarcerated persons. *Carper v. DeLand*, 54 F.3d 613, 616–17 (10th Cir.1995).

Most importantly, an inmate alleging denial of access to the courts must allege an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To establish actual injury, the inmate must show that "the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." *Id.* at 356. *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996) (citing *Lewis*, 518 U.S. at 351). Prejudice is required to state a claim based on deprivation of access to the courts. *See Lewis v. Casey*, 518 U.S. at 351.

Gonzales alleges that he had been "waiting on court transcripts to look over my case for my habeas . . . [he] cannot prepare my case to show my lawyer my argument on my case." (Doc. 1 at 9). Gonzales also attaches a state court docket sheet showing a pending habeas corpus petition. (Doc. 1 at 14). However, nowhere in his Complaint or on the court docket sheet is there any factual information identifying the specific legal proceeding by case number, court, or caption. Gonzales fails to identify with specificity the legal proceeding he claims was impeded. *Carper v. DeLand*, 54 F.3d at 616–17. Further, nowhere in his Complaint does Gonzales claim that he was unable to

pursue court relief due to the deprivation of legal resources and, therefore, Gonzales fails to demonstrate injury or prejudice. *Lewis v. Clark*, 577 F. App'x 786, 789–90 (10th Cir. 2014).

**The Court Will Grant Leave to Amend**

Gonzales's Complaint makes only generalized allegations against individual defendants and a corporate entity. (Doc. 1 at 2, 8, 9). As a result, the Complaint fails to state a sufficient claim for relief under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). *Ashcroft v. Iqbal*, 556 U.S. 676. The Court will grant Gonzales an opportunity to amend to remedy the defects in his pleading. *Hall v. Bellmon,* 935 F.2d at 1109. However, the Court cautions Gonzales that any claim against an individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived Gonzales of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. In order to state a claim against any corporate defendant, Gonzales must establish that, in addition to conduct by an employee or agent of the defendant in violation of the Constitution, that a policy or custom of the defendant was a direct cause or moving force for the constitutional violation.

The Court will grant Gonzales leave to amend the Complaint to allege any claims he believes he may have against any individual defendant or corporate entity, consistent with the requirements of Fed.R.Civ.P. 11(b) and this Memorandum Opinion and Order. Gonzales may not assert any further claims against non-suable entity Guadalupe County Correctional Facility or its mailroom. Gonzales must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

**(1)** the Prisoner's Civil Rights Complaint filed by Plaintiff Joshua Pablo Gonzales (Doc. 1) is **DISMISSED** for failure to state a claim on which relief may be granted; and

**(2)** Plaintiff Joshua Pablo Gonzales is granted leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

UNITED STATES DISTRICT JUDGE