## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSHUA PABLO GONZALES,

      Plaintiff,

vs.                                 No. CV 18-00065 JCH/SCY

GEO MAIL ROOM OF GUADALUPE
COUNTY CORRECTIONAL FACILITY,

      Defendant(s).

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Amended Prisoner's Civil Rights Complaint filed by Plaintiff Joshua Pablo Gonzales (Doc. 35) ("Amended Complaint"). The Court will dismiss the Complaint for failure to state a 42 U.S.C. § 1983 claim for relief and enter final judgment.

## Factual and Procedural Background

Plaintiff Joshua Pablo Gonzales is a prisoner in the custody of the New Mexico Department of Corrections. Plaintiff Gonzales brought civil rights claims in this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). On August 6, 2020, the Court dismissed Plaintiff's claims for failure to state a claim on which relief can be granted and permitted Plaintiff the opportunity to file an amended complaint. (Doc. 34). In the Memorandum Opinion and Order, the Court ruled that Plaintiff could not maintain claims against non-suable entities Geo Mail Room and Guadalupe County Correctional Facility. (Doc. 34 at 6-7). The Court also determined that, because Plaintiff had not identified a policy or custom of GEO Group that caused a violation of Plaintiff's constitutional rights, the Complaint did not state a claim against GEO Group. (Doc. 34 at 7). Last, the Court also

ruled that the Complaint did not allege any acts of individual Defendants Chavez and Horton that violated any constitutional right and, therefore, did not state a §1983 claim against those Defendants.  (Doc. 34 at 5-6).

Plaintiff Gonzales filed his Amended Complaint on August 17, 2020.  (Doc. 35).  The caption of his Amended Complaint still identifies the Geo Group Mail Room and the Guadalupe County Correctional Facility as Defendants.  (Doc. 35 at 1).  In the body of his Amended Complaint, he states that he is seeking relief against Defendant Chavez.  (Doc. 35 at 3). He again alleges that Ms. P.  Chavez did not follow mail opening procedures and improperly opened a compact disk containing hearing transcripts from a New Mexico state district court outside his presence. She sent him a mail rejection slip because the disk was not properly formatted.  (Doc. 35 at 3-4). He contends that mail opening procedures and policies are protected by the constitutional right of access to the courts and attorney-client privilege and cites a number of cases addressing a prisoner's constitutional right to be free from interference with access to the courts. (Doc. 35 at 5).  His prayer for relief asks the Court to require the GEO Group to upgrade its computers, to order the New Mexico Corrections Department to modify its policies to state what formats are used on its computers, and to award $3,000 in nominal and punitive damages.  (Doc. 35 at 7).

### Standards for Failure to State a Claims

Plaintiff Gonzales is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

## Analysis of Plaintiff's Claims

In his Amended Complaint, Plaintiff Gonzales again claims that his constitutional right of access to the courts and prison policies were violated when Defendant Chavez opened a mailing from state court containing a compact disk recording of hearings in his criminal case outside of his presence and rejected the compact disk because it was not properly formatted. (Doc. 35 at 3-5). Plaintiff's Amended Complaint again fails to state a civil rights claim for relief on several grounds. Having given Plaintiff the opportunity to remedy the deficiencies in his complaint, the Court will dismiss the Amended Complaint with prejudice.  *Hall v. Bellmon,* 935 F.2d at 1110.

Plaintiff Gonzales asserts prisoner civil rights claims under 42 U.S.C. § 1983.  (Doc. 35 at 3-5).  As the Court previously advised Gonzales, to state a claim for relief under 42 U.S.C. § 1983, he must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). He must demonstrate a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

The allegations of the Amended Complaint are insufficient to state a constitutional violation.  Gonzales was previously notified that, as an inmate alleging denial of access to the courts, he must allege an actual injury. *Lewis v. Casey,* 518 U.S. 343, 349 (1996). To establish actual injury, the inmate must show that "the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." *Id.* at 356. *Penrod v. Zavaras,* 94 F.3d 1399, 1403 (10th Cir.1996) (citing *Lewis,* 518 U.S. at 351). Prejudice is required to state a claim based on deprivation of access to the courts. *See Lewis v. Casey,* 518 U.S. at 351.

4

Although Plaintiff cites to legal precedent discussing the right of access to the courts, nowhere in his Amended Complaint or on the court docket is there factual information identifying any specific legal proceeding by case number, court, or caption.  Gonzales fails to identify with specificity any legal proceeding he claims was impeded by Ms. Chavez's opening of the compact disk from the Court.  *Carper v. DeLand,* 54 F.3d at 616–17.  Nowhere in his Amended Complaint does Gonzales claim that he was unable to pursue court relief due to the deprivation of legal resources and, therefore, Gonzales fails to demonstrate injury or prejudice. *Lewis v. Clark*, 577 F. App'x 786, 789–90 (10th Cir. 2014).

Further, assuming that the compact disc was privileged or legal mail, an isolated incident, without any evidence of improper motive or resulting interference with Gonzales's legal right to counsel or to access to the courts is insufficient to state a claim for relief. *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir.1990); *Brown v. Williams*, 36 F. App'x 361, 363 (10th Cir. 2002).  Plaintiff Gonzales fails to show that opening of his mail outside his presence and rejection of the compact disk prejudiced him in any legal proceeding in violation of his constitutional right and the factual allegations of the Complaint are insufficient to show a constitutional denial of access to the courts. *Trask v. Franco*, 446 F.3d at 1046.

Further, to the extent he continues to name the GEO Mail Room and Guadalupe County Correctional Facility as Defendants they are not entities capable of being sued under § 1983. *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001) (unpublished); *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014); *Kristich v. Metropolitan Detention Center*, 2016 WL 5387675 at *2 (D.N.M. 2016); *Wishneski v. Lea County Detention Center*, 2012 WL 1688890, at *2 (D.N.M. 2012).  Similarly, although it is unclear, if he is seeking relief against the New Mexico Corrections Department, the State of New Mexico and its agencies are also not "persons" subject to § 1983 liability. *Will v. Michigan Dep't of State*

*Police,* 491 U.S. 58, 63-64 (1989).  Last, to the extent he seeks relief against the GEO Group, the allegations of the Amended Complaint still do not state any claim for relief. Although he alleges Ms. Chavez failed to follow policies in opening his mail, he does not contend that GEO policy was itself a cause of a constitutional violation.  *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003).

Gonzales's Amended Complaint cites legal precedent but fails to show any violation of his right of access to the courts. As a result, the Amended Complaint fails to state a sufficient claim for relief under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B).  *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  The Court has already granted Gonzales an opportunity to amend to remedy the defects in his pleading and he has failed to do so.  *Hall v. Bellmon,* 935 F.2d at 1109.   The Court will dismiss the Amended Complaint with prejudice and enter final judgment.

**IT IS ORDERED:**

**(1)** the Amended Prisoner's Civil Rights Complaint filed by Plaintiff Joshua Pablo Gonzales (Doc. 35) is **DISMISSED** for failure to state a claim on which relief may be granted; and

**(2)**  final judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE